## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TARRIA ANN BURWELL,
          Appellant,

      v.

OFFICE OF PERSONNEL
   MANAGEMENT,
          Agency.

DOCKET NUMBER
DC-0831-22-0059-I-1

DATE: May 15, 2024


# THIS ORDER IS NONPRECEDENTIAL[1]

Tarria Ann Burwell, Laurel, Maryland, pro se.

Carla Robinson, Washington, D.C., for the agency.


## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman


## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the decision of the Office of Personnel Management (OPM) to deny her application for a survivor annuity under the Civil Service Retirement System (CSRS). For the reasons discussed below, we GRANT the appellant's petition for

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

review, VACATE the initial decision, and REMAND this case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant is the surviving spouse of a CSRS retiree. The retiree was previously married, and he elected a CSRS survivor annuity at the time of his retirement in December 2006. Initial Appeal File (IAF), Tab 4 at 40-42. His first spouse died in August 2008, he notified OPM of her death, and he started to receive an unreduced annuity. *Id.* at 17, 33, 37. In December 2018, the retiree married the appellant and notified OPM of his remarriage. IAF, Tab 1 at 11, Tab 4 at 16. OPM sent him a January 2019 form informing him of his options to elect and receive information regarding a survivor annuity for his new spouse and to add her to his health insurance plan. IAF, Tab 1 at 11. He checked the box to add his new spouse to his health insurance plan, but he did not check the box indicating his interest in electing a survivor annuity for his new spouse and requesting OPM to provide information on making such an election. *Id.* According to the appellant, she and her deceased spouse called OPM multiple times to ascertain whether a survivor annuity was in place for her and OPM assured them that it had all the documentation. IAF, Tab 1 at 5, Tab 6 at 1-2, Tab 7 at 4, 9, 11. The retiree died in January 2020. IAF, Tab 4 at 14.

In February 2020, the appellant filed an application with OPM for a CSRS survivor annuity. IAF, Tab 4 at 10-21. In April 2021, OPM issued its initial decision denying the appellant's request on the ground that her deceased spouse had not filed an election to provide her with a survivor annuity within 2 years of their marriage. *Id.* at 8. The appellant then requested reconsideration with OPM. *Id.* at 5. In October 2021, OPM issued its reconsideration decision affirming its initial decision. IAF, Tab 1 at 7-8.

The appellant filed a Board appeal challenging OPM's determination that she was not entitled to a CSRS survivor annuity. IAF, Tab 1 at 4. She asserts

that her deceased spouse did not check the box on the January 2019 form requesting more information on a survivor annuity because he had the information he needed, and he submitted forms to provide her with a survivor annuity. *Id.* at 5. She claims that they contacted OPM several times and were told that the election was in place and once the agency processed the paperwork, the annuitant's monthly annuity would be reduced accordingly. IAF, Tab 1 at 4-5; Tab 6 at 2. Because the appellant withdrew her request for a hearing, the administrative judge issued an initial decision on the written record finding that the appellant failed to prove her entitlement to a CSRS survivor annuity and affirming OPM's reconsideration decision. IAF, Tab 6 at 2, Tab 9, Initial Decision (ID) at 2, 6.

The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. She reiterates that her deceased spouse completed the forms to provide her with a survivor annuity and requests that the Board inspect the recordings of her telephone conversations with OPM representatives. *Id.* at 4-5. OPM has filed a response. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

In her petition for review, the appellant argues that the doctrine of respondent superior is applicable in her case. PFR File, Tab 1 at 5. The doctrine of respondent superior imposes liability upon an employer for the negligent acts of employees committed within the scope of their employment. *Miller v. Department of Health and Human Services*, 8 M.S.P.R. 249, 252 n.1 (1981). The appellant's argument is better considered as a claim of equitable estoppel, i.e., OPM should be estopped from denying benefits based on the erroneous information provided to her and her deceased husband regarding her entitlement to a survivor annuity by one or more OPM employees.

The administrative judge addressed this argument in the initial decision under the general rule of *Office of Personnel Management v. Richmond*, 496 U.S.

414 (1990). ID at 5-6. However, he never fully apprised the appellant of the standard for equitable estoppel. Accordingly, remand is necessary in order to afford the appellant the opportunity to address this point. *See Blaha v. Office of Personnel Management*, 106 M.S.P.R. 265, ¶ 11 (2007) (remanding to address the issue of equitable estoppel because the appellant was not informed of the correct standard).

To prove a claim of equitable estoppel against a Government agency, an appellant must show affirmative misconduct on the part of Government officials and her reasonable reliance on that misconduct. *See Zacharin v. United States,* 213 F.3d 1366, 1371 (Fed. Cir. 2000); *Perez Peraza v. Office of Personnel Management,* 114 M.S.P.R. 457, ¶ 9 (2010). The Board has repeatedly held that an agency's negligent provision of misinformation does not constitute affirmative misconduct. *Perez Peraza,* 114 M.S.P.R. 457, ¶ 10; *Scriffiny v. Office of Personnel Management*, 108 M.S.P.R. 378, ¶¶ 12-13 (2008), *overruled on other grounds by Nunes v. Office of Personnel Management*, 111 M.S.P.R. 221, ¶ 15 (2009). On remand, the parties should address whether the misinformation provided by the relevant government officials was knowing, and thus, affirmative misconduct, or mere negligence. *Perez Peraza,* 114 M.S.P.R. 457, ¶ 13; *see Nunes*, 111 M.S.P.R. 221, ¶ 19.

The administrative judge should afford the parties the opportunity to submit evidence and argument on this issue. Among other things, the appellant should be afforded another opportunity to elect a hearing. Although the appellant previously waived her right to a hearing, she might change her mind after receiving a full and accurate notice of how to prove equitable estoppel.

**ORDER**

For the reasons discussed above, we remand this case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.